IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCIS RAY BRADSHAW, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-3200-M-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Francis Ray Bradshaw, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, Petitioner's habeas application should be dismissed without prejudice for failure to exhaust state remedies.

**Background**

On May 22, 2007, Petitioner pled guilty to theft and was sentenced to 12 years of imprisonment. He did not file a direct appeal or an application for state post-conviction relief. On December 5, 2012, Petitioner was denied release to mandatory supervision because "his release would endanger the public and ... his good time credits were not an accurate reflection of his potential for rehabilitation." *See* Dkt. No. 1 at 6; *see also* Dkt. No. 2 at 3.

Petitioner then filed an application for habeas corpus relief pursuant to 28

U.S.C. § 2254. He claims that the denial of release to mandatory supervision is arbitrary and that his due process rights have been violated because he cannot challenge the decision of the Board of Pardons and Paroles. *See* Dkt. No. 1 at 6.

## Legal Standards

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas application that contains unexhausted claims must be dismissed in its entirety. *See Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990); *see also Rose v. Lundy,* 455 U.S. 509, 522 (1982) (a "mixed" petition containing both exhausted and unexhausted claims should be dismissed); *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995) (same).

## Analysis

Petitioner has not challenged the parole board's decision in a state writ of habeas corpus or any other proceeding before the Texas Court of Criminal Appeals. *See* Dkt. No. 11 at Questions 1 & 2. Consequently, he has not properly exhausted his state remedies. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) (claim challenging denial of parole requires exhaustion of state remedies); *see also Eiland v. Cockrell,* No. 3:03-cv-27-P, 2003 WL 21350136, at *1 (N.D. Tex. June

5, 2003) (same); *Martinez v. Cockrell,* No. 3:03-cv-258-K, 2003 WL 21488452, at *1 (N.D. Tex. Apr. 23, 2003) (same).

Petitioner asserts that exhaustion is not required before submitting his federal habeas case because Texas law prohibits him from filing an article 11.07 petition. *See* Dkt. No. 11 at Question 2 (citing TEX. GOV'T CODE § 508.149(d)). But, "even though the Board's decision to deny mandatory supervision parole is within its sound discretion, complaints regarding the denial of constitutional or statutory rights in consideration of parole may be raised by way of writ of habeas corpus under article 11.07." *Gilbert v. Dretke,* No. 3:02-cv-1792-L, 2004 WL 1809741, at *3 (N.D. Tex. Aug. 12, 2004) (citing *Ex parte Geiken,* 28 S.W.3d 553, 556-57 (Tex. Crim. App. 2000)), *rec. adopted,* 2004 WL 1944020 (N.D. Tex. Aug. 31, 2004); *see also Hess v. Stephens*, No. 4:13-cv-93-A, 2013 WL 3204373, at *1 (N.D. Tex. June 24, 2013). That is, if Petitioner wishes to raise constitutional claims challenging the denial of release to mandatory supervision – which he must do in order to obtain federal habeas relief – he must exhaust his state remedies. *See Davis v. Quarterman*, No. 3:06-cv-1467-N, 2006 WL 3342626, at *1 n.2 (N.D. Tex. Nov. 17, 2006) (citing *Geiken*, 28 S.W.3d at 556).

Accordingly, this Section 2254 application should be dismissed without prejudice.

## Recommendation

Petitioner's 28 U.S.C. § 2254 application should be dismissed without prejudice for failure to exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 1, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE